UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDEN WILLIE ISELI, | No. 2:22-cv-1792 KJN P |
| Plaintiff, | |
| v. | ORDER |
| STATE OF CALIFORNIA, | |
| Defendant. | |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

As discussed below, plaintiff's complaint is dismissed with leave to amend.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally

////

---

[1] Because the court is unable to discern the nature of plaintiff's claims, plaintiff's request for leave to proceed in forma pauperis is deferred pending amendment. Plaintiff is advised that if leave to file in forma pauperis is granted, plaintiff will still be required to pay the $350.00 court filing fee but will be allowed to pay it in installments. See 28 U.S.C. §§ 1914(a), 1915(a).

1

1  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
2  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).
3        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
4  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
5  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
6  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
7  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
8  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
9  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
10 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably
11 meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
12 1227.
13       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
14 statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
15 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
16 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
17 In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
18 formulaic recitation of the elements of a cause of action;" it must contain factual allegations
19 sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.
20 However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the
21 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.
22 Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal
23 quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as
24 true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the
25 pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236
26 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).
27 ////
28 ////

Civil Rights Act

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

Discussion

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief.

Plaintiff claims that this action is brought based on incidents that occurred at Pelican Bay State Prison.  Plaintiff is advised that if his allegations involve constitutional violations that took place at Pelican Bay State Prison, he must bring such claims in the Northern District of California.  As plaintiff was informed, his earlier action Iseli v. State of California, No. 2:22-cv-1787 EFB P (E.D. Cal.), was recently transferred to the Northern District of California.  In that action, plaintiff raised claims concerning COVID-19.  If plaintiff is attempting to raise additional allegations concerning such issue, he should seek leave to amend in the Northern District action.[2]

On the other hand, if plaintiff is attempting to challenge a rules violation report issued against him while he was housed at Pelican Bay State Prison, he must file a civil rights complaint in the Northern District of California, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102-3489.  If plaintiff is challenging a criminal conviction, however, he must bring a petition for writ of habeas corpus under 28 U.S.C. § 2254.[3]

////

---

[2] This court has not yet been informed of the case number in the Northern District, but plaintiff will receive notice of the case number when it is assigned.

[3] However, plaintiff must first exhaust his state court remedies.  The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).  A waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

Plaintiff claims his due process rights were violated, apparently in connection with a rules violation report, but he fails to provide sufficient facts for the court to determine whether venue is proper here, or whether plaintiff can allege facts demonstrating such violation.

When an inmate is not afforded the procedural due process required by the Due Process Clause of the Fourteenth Amendment in connection with the issuance and hearing of disciplinary reports, the inmate may be able to state a cognizable due process claim. See Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir. 1984) (claim that prison guard planted false evidence which resulted in disciplinary infraction fails to state a cognizable civil rights claim where procedural due process protections are provided). However, "[t]he requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972). While state statutes and prison regulations may grant prisoners liberty interests sufficient to invoke due process protection, Meachum v. Fano, 427 U.S. 215, 223-27 (1976), the Supreme Court has significantly limited the instances in which due process can be invoked. Pursuant to Sandin v. Conner, 515 U.S. 472, 483 (1995) (holding that inmate who had been placed in disciplinary segregation for 30 days had no cognizable procedural due process claim), a prisoner can show a liberty interest at stake under the Due Process Clause of the Fourteenth Amendment only if he alleges a change in confinement that imposes an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Id. at 484 (citations omitted); Neal v. Shimoda, 131 F.3d 818, 827-28 (9th Cir. 1997). "But these interests will generally be limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 472; see also Keenan v. Hall, 83 F.3d 1083, 1088-89 (9th Cir. 1996) (prison classification created no "atypical and significant hardship" because it would not invariably affect the duration of the inmate's sentence) (interpreting Sandin). Only in those cases where a sufficiently substantial liberty interest is at stake must the court evaluate whether the process received comported with minimum procedural due process requirements. Jackson v. Carey, 353 F.3d 750, 755 (9th Cir.

2003) (internal quotations omitted).  If the court answers the first question in the negative, the plaintiff has failed to state a section 1983 claim for a Fourteenth Amendment violation.

The analysis of whether state law confers a constitutionally-protected liberty interest focuses on the nature of the deprivation rather than on the language of any particular regulation, so as to avoid over-involvement of federal courts in day-to-day prison management.  See Sandin, 515 U.S. at 479-82, 483; see also May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (prisoner's due process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed, and administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence).

Similarly, the court is unable to ascertain whether plaintiff's challenge is barred by Heck v. Humphrey, 512 U.S. 477 (1994), and Edwards v. Balisok, 520 U.S. 641 (1997).  In Heck, the Supreme Court held that,

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

Heck, 512 U.S. at 486-87.  This is called the favorable termination rule.  In Edwards v. Balisok, the Supreme Court applied the favorable termination rule in a § 1983 action claiming damages and equitable relief for a procedural defect in a prison's administrative process used to deprive plaintiff of good-time credits.  Edwards, 520 U.S. at 648 ("We conclude, therefore, that respondent's claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983.").

////

////

////

In addition, plaintiff claims he has an action pending in People v. Branden Iseli, United States District Court, 501 I Street, Sacramento, CA 95814,[4] but he did not provide a case number, and court records reflect no such pending case. Plaintiff has a pending action in this court seeking habeas corpus relief, but such action challenges his 2019 criminal conviction in San Joaquin County Superior Court. Iseli v. People of the State of California, No. 2:21-cv-1483 EFB (E.D. Cal.).

In his second and third claims, plaintiff refers to a "grievance claims decision response." (ECF No. 1 at 4.) But again, plaintiff provides no facts demonstrating a constitutional violation; rather, he simply refers to log numbers. (Id.) Moreover, plaintiff cannot state a due process claim based on a defendant's role in the inmate appeal process. The Due Process Clause protects plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). However, plaintiff has no stand-alone due process rights related to the administrative grievance process itself. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). A prison official's denial of a grievance does not itself violate the constitution. Evans v. Skolnik, 637 F. App'x 285, 288 (9th Cir. 2015). Thus, the denial, rejection, or cancellation of a grievance does not constitute a due process violation. See, e.g., Wright v. Shannon, 2010 WL 445203, at *5 (E.D. Cal. 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Towner v. Knowles, 2009 WL 4281999 at *2 (E.D. Cal. 2009) (plaintiff's allegations that prison officials screened out his inmate appeals without any basis failed to indicate a deprivation of federal rights); Williams v. Cate, 2009 WL 3789597, at *6 (E.D. Cal. 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims."). "Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process prison grievances." Daniels v. Aguillera, 2018 WL 1763311 (E.D. Cal. Apr. 12, 2018).

---

[4] Indeed, if such criminal action were pending here, the title would be United States v. Branden Iseli. It appears plaintiff references a state court action, although he claims the findings were issued by the CDC. (ECF No. 1 at 3.)

Plaintiff names only the State of California as a defendant. The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). In the instant case, the State of California has not consented to suit. Thus, plaintiff's claims against the state are legally unsustainable and must be dismissed.

Finally, as relief, plaintiff seeks "disability, unemployment and tax write-offs." (ECF No. 1 at 6.) However, such relief is unavailable through a civil rights action. Plaintiff also seeks back pay, but he provides no factual allegations supporting such relief.

Based on the above deficiencies, the court determines that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court, however, grants leave to file an amended complaint.

Leave to Amend

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

////

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Alternative

In the alternative, if plaintiff filed this action in the wrong court, and wishes to dismiss this action without incurring the court's filing fee, he may request to voluntarily dismiss this action rather than file an amended complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is deferred.

2. Plaintiff's complaint is dismissed.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Election and submit the following documents to the court:

    a. The completed Notice of Election; and

    b. If he elects to amend, an original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

////

////

////

4. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint by a prisoner and a petition for writ of habeas corpus form.

Dated: October 18, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/isel1792.14n

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDEN WILLIE ISELI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA,<br><br>　　　　　Defendant. | No. 2:22-cv-1792 KJN P<br><br><br>NOTICE OF ELECTION |

　　　　Plaintiff submits the following document in compliance with the October 2022 order.

　　　　_____Plaintiff elects to amend and provides an amended complaint.

　　　　　　**or**

　　　　_____Plaintiff elects to voluntarily dismiss this action.

DATED:

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　Plaintiff