UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDEN WILLIE ISELI, | No. 2:22-cv-1792 KJN P |
| Plaintiff, | |
| v. | ORDER |
| STATE OF CALIFORNIA, | |
| Defendant. | |

Plaintiff is a state prisoner, proceeding pro se, and seeks relief pursuant to 42 U.S.C. § 1983. On October 19, 2022, plaintiff's complaint was dismissed with leave to amend. (ECF No. 6.) On October 20, 2022, plaintiff filed a request for various forms of relief.[1] (ECF No. 7.) However, plaintiff's filing seeks relief not available through a civil rights action and is therefore denied.

Plaintiff's Request

Plaintiff asks the court to reduce his restitution before adding more time to his sentence. Plaintiff then contends his constitutional rights were violated, apparently during his criminal trial.

////

---

[1] Plaintiff's filing also contains the case number 2:22-cv-1787 EFB. However, as plaintiff was reminded in the screening order (ECF No. 6 at 3), such case was transferred to the Northern District of California. Nevertheless, plaintiff is advised that he is required to separately file documents in each case rather than place more than one case number on a document.

1

For example, plaintiff claims "Carlos" was impeached, inadmissible evidence was admitted, and there was insufficient evidence to convict plaintiff.  (ECF No. 7.)

Governing Standards

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

As a general rule, a claim that challenges the fact or duration of a prisoner's confinement should be addressed by filing a habeas corpus petition, while a claim that challenges the conditions of confinement should be addressed by filing a civil rights action.  Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam).

Discussion

Plaintiff is advised that he cannot obtain release from prison or challenge the restitution order issued by the court of conviction through a civil rights action.  Rather, plaintiff must raise claims asserting constitutional violations during his criminal trial through a petition for writ of habeas corpus.  Here, plaintiff provides no information as to his conviction, so the court is unable to advise whether he can bring a petition for writ of habeas corpus in this court.  Moreover, as plaintiff was earlier advised, he must first exhaust his state court remedies before filing a federal habeas petition.[2]  (ECF No. 6 at 3, n.3.)  As to his request concerning restitution, plaintiff must seek relief from the state sentencing court.  "[T]he imposition of a fine or the revocation of a license is merely a collateral consequence of conviction, and does not meet the 'in custody' requirement" for a [28 U.S.C.] § 2254 habeas petition.  Williamson v. Gregoire, 151 F.3d 1180, 1183 (9th Cir. 1998).

---

[2] The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).  A waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

Plaintiff was provided the form for filing a petition for writ of habeas corpus with the October 19, 2022 screening order, and is reminded that his amended complaint is due thirty days from the issuance of such order. (ECF No. 6.)

Accordingly, IT IS HEREBY ORDERED that plaintiff's request (ECF No. 7) is denied without prejudice.

Dated: November 2, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/isel1792.den

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDEN WILLIE ISELI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA,<br><br>　　　　　Defendant. | No.  2:22-cv-1792 KJN P<br><br><br>NOTICE OF ELECTION |

　　　　Plaintiff submits the following document in compliance with the October 2022 order.

　　　　_____Plaintiff elects to amend and provides an amended complaint.

　　　　**or**

　　　　_____Plaintiff elects to voluntarily dismiss this action.

DATED:

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　Plaintiff