UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDEN WILLIE ISELI,<br><br>  Plaintiff,<br><br>  v.<br><br>STATE OF CALIFORNIA,<br><br>  Defendant. | No. 2:22-cv-1792 KJM KJN P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On January 23, 2023, it was recommended that this action be dismissed based on plaintiff's failure to file an amended complaint that complies with the October 19, 2022 screening order. Plaintiff filed objections to the findings and recommendations, but did not submit an amended complaint. Rather, plaintiff reiterates that his due process rights were violated, and the court should review the previously-filed discovery as an offer of proof of such due process violations. (ECF No. 20 at 1.)

Plaintiff's objections are not entirely clear, but to the extent he contends he was denied a fair trial or his due process rights were violated during the trial on his 2019 criminal conviction, plaintiff must pursue those claims through a petition for writ of habeas corpus. As plaintiff is aware, he is pursuing habeas relief in Iseli v. People of the State of California, No. 2:21-cv-1483

1

TLN EFB (E.D. Cal.). To the extent plaintiff wishes to challenge the 2019 conviction, he should do so in that pending habeas action.[1]

As to plaintiff's references to alleged due process violations not related to his underlying criminal conviction, plaintiff again fails to provide sufficient context for the court to determine whether he states a cognizable due process claim and whether such claim should be filed in this court or in the Northern District of California inasmuch as plaintiff's prior complaint referred to incidents that took place at Pelican Bay State Prison. In order for plaintiff to obtain relief, he must first file an amended complaint that identifies the individual plaintiff claims violated his constitutional rights, where and when such violation took place, and identifies the specific relief he seeks. The court is not required to review various separate filings by plaintiff to try to ascertain what his claims are and who he seeks to hold responsible.

That said, because it appears plaintiff intends to pursue this action, and, in an abundance of caution, the undersigned vacates the findings and recommendations and grants plaintiff an extension of time to file an amended complaint that comports with this order and the court's prior screening order.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits or other documents filed separately by plaintiff to determine what plaintiff's charging allegations are as to each named defendant. All charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation

////

---

[1] The docket reflects that plaintiff filed objections to the pending findings and recommendations in Iseli, No. 2:22-cv-1481 TLN EFB.

of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. McHenry v. Renne, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning). A long, rambling pleading including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury, or joining a series of unrelated claims against many defendants, very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id. at 1950.

3

In addition, any amended complaint must be filed on the court's form complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed January 23, 2023, are vacated;

2. Plaintiff is granted thirty days to file an amended complaint that complies with this order as well as the October 19, 2022 order.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. If he elects to amend, an original of the Amended Complaint filed on this court's form. Plaintiff's amended complaint shall also comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

4. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint by a prisoner.

Dated: February 6, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/isel1792.vac.eot

4

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDEN WILLIE ISELI,<br><br>             Plaintiff,<br><br>       v.<br><br>STATE OF CALIFORNIA,<br><br>             Defendant. | No.  2:22-cv-1792 KJN P<br><br>NOTICE OF AMENDMENT |

   Plaintiff submits the following document in compliance with the October 19, 2022 AND February orders.

   _____ Plaintiff provides an amended complaint.

DATED:

                                             _____
                                             Plaintiff

/isel1792.804

1