UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDEN WILLIE ISELI, | No. 2:22-cv-1792 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| STATE OF CALIFORNIA, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action seeking relief under 42 U.S.C. § 1983. Plaintiff requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

On February 6, 2023, plaintiff was granted thirty days to file an amended complaint that complies with the October 19, 2022 screening order. On February 16, 2023, plaintiff filed an amended complaint. As discussed below, plaintiff's amended complaint is dismissed with leave to amend.

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in

1

accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Screening

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

To state a claim under § 1983, a plaintiff must demonstrate: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury. Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

////

Operative Pleading

In his amended complaint, plaintiff now names "The ALEG" as the defendant. (ECF No. 24 at 1-2.) Plaintiff identifies his claim as "The Aleg, all of the above." (Id. at 3.) As injury, plaintiff claims "all of the above, pain, and suffering, all of the above." (Id. at 3.) As relief, plaintiff seeks "the max for all of the above, and all of the above." (Id. at 6.)

Discussion

Plaintiff's amended complaint must be dismissed for the following reasons. "The ALEG" is not a proper defendant or claim or cause of action. Plaintiff must name the individual who plaintiff alleges violated his constitutional rights, identify the nature of the injury, and provide facts setting forth how his rights were violated. Moreover, the supporting facts set forth by plaintiff are incomprehensible; although he mentions "due process" several times, he provides no facts demonstrating a due process violation or supporting a cause of action under the Fourteenth Amendment or any other recognizable civil rights claim. In order for plaintiff to obtain relief, he must first file a pleading that identifies the individual plaintiff claims violated his constitutional rights, where and when such violation took place, and identifies the specific relief he seeks based on the alleged violations.

In an abundance of caution, plaintiff is granted one final opportunity to file a second amended pleading that properly identifies the nature of his claims and the defendants against whom he seeks relief. Plaintiff is advised that in the second amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits or other documents filed separately by plaintiff to determine what plaintiff's charging allegations are as to each named defendant. All charging allegations must be set forth in the second amended complaint, so defendants have fair notice of the claims plaintiff is presenting.

Any second amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional

3

1  right. Duffy, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional
2  right if he does an act, participates in another's act or omits to perform an act he is legally
3  required to do that causes the alleged deprivation).
4        Plaintiff's claims must be set forth in short and plain terms, simply, concisely, and
5  directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting
6  point of a simplified pleading system, which was adopted to focus litigation on the merits of a
7  claim."); Fed. R. Civ. P. 8. The court (and defendant) should be able to read and understand
8  plaintiff's pleading within minutes. McHenry v. Renne, 84 F.3d 1172, 1177-78 (9th Cir. 1996)
9  (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning).
10       A district court must construe a pro se pleading "liberally" to determine if it states a claim
11 and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an
12 opportunity to cure them. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While
13 detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of
14 action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678
15 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth
16 "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"
17 Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

23 Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions
24 can provide the framework of a complaint, they must be supported by factual allegations, and are
25 not entitled to the assumption of truth. Id. at 1950.
26       In addition, any second amended complaint must be filed on the court's form complaint.
27       Plaintiff is cautioned that failure to file a second amended complaint that complies with
28 the orders of this court will result in a recommendation that this action be dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF Nos. 2, 25) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's amended complaint is dismissed.

4. Plaintiff is granted one final opportunity to file a second amended complaint that complies with this court's orders; within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. If he elects to amend, an original of the Second Amended Complaint filed on this court's form. Plaintiff's second amended complaint shall also comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Second Amended Complaint."

Failure to file a second amended complaint in accordance with this order will result in the dismissal of this action.

5. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint by a prisoner.

Dated: February 27, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/isel1792.14amd2

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| BRANDEN WILLIE ISELI, | No. 2:22-cv-1792 KJN P |
|---|---|
| Plaintiff, | |
| v. | NOTICE OF AMENDMENT |
| STATE OF CALIFORNIA, | |
| Defendant. | |

Plaintiff submits the following document in compliance with the October 19, 2022, and subsequent orders.

_____ Plaintiff provides a second amended complaint.

DATED:

_____
Plaintiff

1