UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDEN WILLIE ISELI,<br><br>Plaintiff,<br><br>v.<br><br>SATE OF CALIFORNIA,<br><br>Defendant. | No.  2:22-cv-1792 DJC KJN P<br><br><br>FINDINGS & RECOMMENDATIONS |

Plaintiff is a state, prisoner proceeding pro se.  On February 28, 2023, plaintiff was granted one final opportunity to file an amended complaint that complies with prior court orders.  On March 15, 2023, plaintiff filed a second amended complaint.  However, the pleading does not state a cognizable civil rights claim; plaintiff does not identify a viable defendant, cause of action, or plausible set of facts.[1]  Rather, he again names "The ALEG," and writes "the ALEG" in numerous other sections of the court's form complaint.  (ECF No. 31 at 1-7.)  Plaintiff has been

---

[1] Plaintiff again references a prison disciplinary he received at Pelican Bay State Prison, "with a pending due process, [he[ plead the 5th Amendment, but [he] believe[s] that would be the case up for review for his civil rights complaint by a prisoner."  (ECF No. 31 at 4.)  But plaintiff provides no additional facts concerning such disciplinary.  Moreover, in the court's initial screening order, plaintiff was informed that any challenge to a rules violation report issued against plaintiff while housed at Pelican Bay State Prison must be challenged in a civil rights complaint filed in the Northern District of California.  (ECF No. 6 at 3.)  Further, plaintiff was reminded that his earlier civil rights action was recently transferred to the Northern District of California.  (ECF No. 6 at 3.)

1

given two opportunities to file an amended pleading that sets forth factual allegations demonstrating a violation of his constitutional rights yet has been unable or unwilling to do so. The Court finds no good cause to grant him another opportunity where the deficiencies from the original complaint remain essentially the same.  Wagh v. Metris Direct, Inc., 363 F.3d 821, 830 (9th Cir. 2003) (district court's discretion to deny leave to amend particularly broad where plaintiff has previously filed an amended complaint), overruled on other grounds, Odom v. Microsoft Corp., 486 F.3d 541, 551 (9th Cir. 2007) (en banc); Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992).

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice.  See Local Rule 110; Fed. R. Civ. P. 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 11, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/isel1792.56